[No. B118285. Second Dist., Div. Six. July 20, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS MACAULEY, Defendant and Appellant.

**COUNSEL**

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Carol Wendelin Pollack, Assistant Attorney General, Allison Ting and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—Jesus Macauley appeals from his involuntary commitment as a mentally disordered offender (MDO) under Penal Code section 2962.[1] He argues that his conviction for arson of property did not qualify as an MDO offense at the time of his commitment, and that a recent amendment to the MDO law, which enlarged the list of qualifying offenses to include arson of

---

[1]Statutory references are to the Penal Code.

property "where the act posed a substantial danger of physical harm to others," is an ex post facto law if applied to his case. (§ 2962, subd. (e)(2)(L), amended by Stats. 1999, ch. 16, § 1.) We disagree and affirm.

## FACTS

Appellant used gasoline to set fire to his wife's automobile shortly after she filed for divorce in 1991. He was convicted of arson of property under section 451, subdivision (d), and was placed on probation.

In 1995, appellant was reportedly "stalking" his ex-wife and following her in his car. She called the police and when they contacted him to investigate, they found a toy cap gun, black gloves, a pullover mask, an imitation police badge, a .357-magnum derringer, and five bullets in the car. Appellant was convicted of being a felon in possession of a firearm under section 12021, subdivision (a)(1).

Appellant's probation in the arson case was revoked and he was sentenced to concurrent terms in state prison for the two felony offenses. While in prison, he was diagnosed with paranoid schizophrenia. He had delusions about his wife and children, about being a government agent, and about being poisoned.

Appellant was released from prison in 1996. He wrote bizarre letters to his parole officer, which led to a psychiatric evaluation. Appellant was diagnosed as suffering from a paranoid delusional disorder, and his parole was revoked due to a deterioration in his mental condition. (See *In re Naito* (1986) 186 Cal.App.3d 1656, 1661 [231 Cal.Rptr. 506].) Before his re-release on parole, the Board of Prison Terms determined that he met the MDO criteria. A court trial confirmed his status, and he was committed as an MDO in November of 1997. The court determined that his arson conviction qualified as an MDO offense because it involved "force or violence."

## DISCUSSION

The MDO procedure described by section 2962 applies only to prisoners who have been convicted of certain serious offenses. Section 2962 did not originally contain a list of qualifying crimes, but defined an MDO offense as "a crime in which the prisoner used force or violence, or caused serious bodily injury . . . ." (Former § 2962, subd. (e), Stats. 1986, ch. 858, § 2, p. 2952, amended by Stats. 1989, ch. 228, § 1, p. 1253.) The statute was amended in 1995 to add a list of specific offenses in subdivision (e)(2)(A)-(O), while retaining the "force or violence" language as an alternative basis

for invoking the MDO law in subdivision (e)(2)(P). (Stats. 1995, ch. 761, § 1.) The statute did not define "force" or "violence."

■ When appellant was committed as an MDO, arson causing great bodily injury under section 451, subdivision (a) was a specifically enumerated MDO offense under section 2962, subdivision (e)(2)(L). Arson of property was not. Appellant argued at trial that his conviction for arson of property was not a qualifying offense because even if it involved "force or violence" against property, the specific inclusion of arson causing great bodily injury under section 2962, subdivision (e)(2)(L) showed the Legislature intended to exclude all other types of arson as MDO offenses. The trial court rejected this argument after determining that appellant's arson conviction involved force or violence within the meaning of section 2962, subdivision (e)(2)(P).

While this appeal was pending, the Supreme Court issued its decision in *People* v. *Anzalone* (1999) 19 Cal.4th 1074 [81 Cal.Rptr.2d 315, 969 P.2d 160] (*Anzalone*), which adopted reasoning similar to that advanced by appellant in the trial court.

In *Anzalone*, the defendant's MDO commitment was predicated on a bank robbery which did not involve the use of actual force or violence. The Supreme Court concluded the robbery did not qualify as a "forcible" offense under section 2962, subdivision (e)(2)(P), because an implied threat of force is insufficient to bring a crime within that provision. (*Anzalone, supra,* 19 Cal.4th at pp. 1080-1081, 1083.)

The court observed that robbery was an enumerated MDO offense under section 2962, subdivision (e)(2)(D) when it " 'was charged and proved that the defendant personally used a deadly or dangerous weapon, as provided in subdivision (b) of Section 12022 . . . .' " (*Anzalone, supra,* 19 Cal.4th at p. 1078.) It reasoned that the specific inclusion of some types of robbery showed that the Legislature did not intend that every robbery qualify as an MDO offense. (*Id.* at pp. 1081-1082.) All robberies involve a taking of another person's property "by means of force or fear." (§ 211.) If implied force were sufficient to render a robbery an MDO offense, then all robberies, whether committed by force *or fear,* would be forcible MDO offenses under section 2962, subdivision (e)(2)(P). (*Anzalone, supra,* at p. 1081.) Such a result would run afoul of the principle of *expressio unius est exclusio alterius,* or, " 'the expression of one thing is the exclusion of another.' " (*Id.* at pp. 1078-1079.)

If we were to end our analysis with the 1995 version of section 2962 and *Anzalone*, we might agree that arson of property does not itself qualify as an MDO offense. As with robbery, only one type of arson was listed in the 1995 version of section 2962: arson causing great bodily injury under section 451, subdivision (a). (See former § 2962, subd. (e)(2)(L).) Though all arsons involve the use of "force" against property through the act of burning, the enumeration of only one type of arson suggests an intent to exclude all others as MDO offenses.

But *Anzalone* is not the last word on the issue. In response to that decision, the Legislature enacted urgency legislation (Sen. Bill No. 279 (1999-2000 Reg. Sess.)) amending section 2962. As amended, section 2962, subdivision (e)(2)(L) now defines as an MDO offense "Arson in violation of subdivision (a) of Section 451, or arson in violation of any other provision of Section 451 or in violation of Section 455 where the act posed a substantial danger of physical harm to others." (§ 2962, subd. (e)(2)(L), amended by Stats. 1999, ch. 16, § 1.)

Appellant argues that this amendment may not be applied to his case retroactively. The amendment to section 2962 was passed as urgency legislation, and was signed by the Governor on April 22, 1999. Section 2 of the bill provides that the amendments "shall apply to any person committed pursuant to [the MDO law] on or after July 1, 1986." (Stats. 1999, ch. 16, § 2.) Section 3 of the bill states, "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to prevent the immediate release, and to guarantee the mental health treatment of severely mentally ill offenders who are affected by the holding of People v. Anzalone (1999) 19 Cal.4th 1074, it is necessary that this act take effect immediately." (Stats. 1999, ch. 16, § 3.)

It is clear from this language that the amendment applies to persons who have already been committed under section 2962, and that the Legislature intended to prevent the release of MDO's who qualify for commitment under the amended version of the statute. We have previously held that the MDO statutes are part of a civil scheme which does not implicate the rule against ex post facto laws. (*People* v. *Robinson* (1998) 63 Cal.App.4th 348, 350-352 [74 Cal.Rptr.2d 52]; see also *People* v. *Merfeld* (1997) 57 Cal.App.4th 1440, 1445-1446 [67 Cal.Rptr.2d 759]; *People* v. *Superior Court (Myers)* (1996) 50

Cal.App.4th 826, 840-841 [58 Cal.Rptr.2d 32].) There is no constitutional impediment to the retroactive application of the amendment.[2]

Appellant argues that the evidence adduced in the trial court was insufficient to prove that he comes within the provisions of the amended statute. The amendment provides that arson of property will qualify as an MDO offense only when "the act posed a substantial danger of physical harm to others." (§ 2962, subd. (e)(2)(L), as amended by Stats. 1999, ch. 16, § 1.) Appellant claims his conduct did not meet this criterion, because there was no showing that anyone was standing near his wife's car when he set in on fire.

The evidence was overwhelming that appellant's conduct qualified under the amended statute. The record reveals that he poured gasoline over his wife's car and set it on fire while it was parked in a residential neighborhood "very close" to the house where her boyfriend lived. The fire caused about $2,000 in damage to the car. An expert witness on arson testified that car fires are inherently dangerous because they can get out of control very quickly and the flammable liquids create a risk of explosion. This risk was enhanced by the use of gasoline to set the fire. Appellant's arson offense posed a substantial danger to the occupants of nearby structures, and thus falls within section 2962, subdivision (e)(2)(L).

The judgment (order of commitment) is affirmed.

Yegan, Acting P. J., and Stone (S. J.), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied October 27, 1999.

---

[2]Appellant suggests that the MDO law may be punitive as applied to him, even if the statutory scheme is "civil" on its face. (See *Young* v. *Weston* (9th Cir. 1999) 176 F.3d 1196.) He presents no information about the details of his treatment under the MDO law which would allow us to address this claim.

*Retired Presiding Justice of the Court of Appeal, Second District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.