[No. A099175. First Dist., Div. Four. Jan. 31, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDOLPH HAYES, Defendant and Appellant.

### COUNSEL

Rodney Richard Jones for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**RIVERA, J.**—Defendant Rudolph Hayes challenges the order of the trial court extending his commitment under California's mentally disordered offenders statutes (MDO law). We conclude that Hayes's underlying offense is not a qualifying crime under the MDO law. Accordingly, we reverse the judgment of the trial court.

### I. FACTS

On April 8, 1999, defendant Rudolph Hayes pled guilty to a violation of Penal Code[1] section 452, subdivision (b). Section 452 provides in pertinent part: "A person is guilty of unlawfully causing a fire when he recklessly sets fire to or burns or causes to be burned, any structure, forest land, or property. [¶] . . . [¶] (b) Unlawfully causing a fire that causes an inhabited structure or inhabited property to burn is a felony punishable by imprisonment in the state prison for two, three or four years . . . ." The record indicates that a fire had begun in Hayes's hotel room on June 9, 1996. One of the hotel managers, smelling smoke, entered the room and found a dresser on fire and Hayes sitting in a corner saying, "The devil came in my room." The manager got water and put out the fire. After pleading guilty to recklessly setting the fire, Hayes was sentenced to three years' imprisonment.

---

[1] All further statutory references are to the Penal Code.

During his parole period, Hayes was committed to Atascadero State Hospital as an MDO pursuant to section 2962.[2] On January 3, 2002, before his parole term ended, the People petitioned the San Francisco Superior Court for continued involuntary treatment pursuant to section 2970. Hayes waived his right to a jury trial. At trial, a psychiatrist who had treated Hayes at Atascadero State Hospital testified that Hayes had a severe mental disorder that was not in remission, and that Hayes represented a substantial danger of physical harm to others as a result of his mental disorder. The trial court granted the petition on June 3, 2002, extending Hayes's commitment for another year, to June 4, 2003, and ordered him returned to Atascadero State Hospital. Hayes appealed.

## II. Discussion

### A. The MDO Law

The MDO law (§ 2960 et seq.) imposes as a condition of parole that prisoners meeting certain criteria must continue to be treated by the State Department of Mental Health. "First, the prisoner must have 'a severe mental disorder that is not in remission or cannot be kept in remission without treatment.' (§ 2962, subd. (a).) Second, the disorder must have been 'one of the causes of or was an aggravating factor in the commission of a crime for which the prisoner was sentenced to prison.' (§ 2962, subd. (b).) Third, the prisoner must have been 'in treatment for the severe mental disorder for 90 days or more within the year prior to the prisoner's parole or release.' (§ 2962, subd. (c).) Fourth, before the prisoner's parole or release, the treating physician and other specified medical authorities must certify that each of the noted conditions exists, and that by reason of the disorder, the prisoner 'represents a substantial danger of physical harm to others.' (§ 2962, subd. (d) (1).)" (*People v. Anzalone* (1999) 19 Cal.4th 1074, 1077 [81 Cal.Rptr.2d 315, 969 P.2d 160].)

This procedure applies only to prisoners who have been convicted of certain serious offenses. "Section 2962 did not originally contain a list of qualifying crimes, but defined an MDO offense as 'a crime in which the prisoner used force or violence, or caused serious bodily injury . . . .' (Former § 2962, subd. (e), Stats. 1986, ch. 858, § 2, p. 2952, amended by

---

[2]The record does not indicate that Hayes challenged his initial commitment on the ground that the offense of which he was convicted was not a proper basis for such a commitment. However, the People agree that the record of this case does not establish that Hayes is collaterally estopped from raising the issue in connection with his continued commitment.

Stats. 1989, ch. 228, § 1, p. 1253.) The statute was amended in 1995 to add a list of specific offenses in subdivision (e)(2)(A)-(O) . . . ." (*People v. Macauley* (1999) 73 Cal.App.4th 704, 706-707 [86 Cal.Rptr.2d 675].) However, the statute retained a "catchall" provision allowing for commitment of offenders who had committed "[a] crime not enumerated in subparagraphs (A) to (O), inclusive, in which the prisoner used force or violence, or caused serious bodily injury . . . ." (§ 2962, subd. (e)(2)(P).)

Under the MDO law, before the termination of an offender's parole, the district attorney may petition the superior court for continued involuntary treatment for one year. The petition must specify that the prisoner has a severe mental disorder, that the severe mental disorder is not in remission or cannot be kept in remission if the person's treatment is not continued, and that, by reason of the severe mental disorder, the prisoner represents a substantial danger of physical harm to others. It must also be accompanied by affidavits specifying that treatment, while the prisoner was released from prison on parole, has been continuously provided by the State Department of Mental Health. (§ 2970.)

B. *Hayes's Conviction Is Not a Qualifying Offense Under the MDO Law*

 Hayes contends his conviction under section 452 for recklessly setting a fire cannot support a commitment under the MDO law as a matter of law. He points out that the Legislature included certain arson offenses in section 2962's listing of qualifying offenses; the crime of which he was convicted, recklessly causing a fire in violation of section 452, is not among those offenses. The People, on the other hand, while acknowledging that section 452 is not one of section 2962's enumerated offenses, contend that Hayes's offense qualifies as a crime of "force or violence" under section 2962's "catchall" provision—subdivision (e)(2)(P).

Our Supreme Court considered the reach of section 2962's "catchall" provision in *Anzalone*. There, a defendant had attempted to rob a bank with a nonthreatening note and demand for money, but had not used a weapon. In a later MDO commitment proceeding, he contended that this act could not serve as a basis for commitment. The Supreme Court agreed, noting that, at the time, the MDO law listed among the enumerated offenses robberies with deadly or dangerous weapon use. Applying the principle of *expressio unius est exclusio alterius*, or "the expression of one thing is the exclusion of another," the court reasoned that, by enumerating robberies with deadly or dangerous weapon use, the Legislature had excluded robberies accomplished

by use of implied force, without the use of a weapon. (*People v. Anzalone, supra,* 19 Cal.4th at pp. 1078-1082.) The court concluded, "The evident legislative intent underlying section 2962 was to require treatment of defendants as MDO's only in certain *limited* situations, namely where, because of mental disorder, the prisoner inflicted serious bodily injury or committed such forcible or violent crimes as manslaughter, mayhem, kidnapping, rape, or robbery *with dangerous weapon use.* Given the aggravated nature of the other crimes specified in section 2962, subdivision (e)(2), and the specific inclusion of robberies involving personal use of a deadly or dangerous weapon in subdivision (e)(2)(D), we think it quite unlikely the Legislature intended to make every robbery attempt a 'forcible' one." (*Id.* at pp. 1081-1082.)

In response to the *Anzalone* decision, the Legislature amended section 2962's enumeration of qualifying offenses. The amendments added subdivision (e)(2)(Q), which authorized commitment based upon a crime in which the person expressly or impliedly threatened another with the use of force or violence; it also amended subdivision (e)(2)(L), which previously had listed only arson causing great bodily injury under section 451, subdivision (a). (Stats. 1999, ch. 16, § 1; see *People v. Macauley, supra,* 73 Cal.App.4th at p. 708.) Amended subdivision (e)(2)(L) lists arson in violation of section 451, subdivision (a) (arson causing great bodily injury), or arson in violation of any other provision of section 451 (arson) or in violation of section 455 (attempted arson) when the act posed a substantial danger of physical harm to others.

Sections 451 and 455, which are enumerated in the MDO statute, both require a showing that the defendant acted *willfully and maliciously.* Hayes, on the other hand, was convicted under section 452, which requires a showing only that the defendant acted *recklessly.* Given the Legislature's specific inclusion of two types of unlawfully causing or attempting to cause a fire, both of which require a showing of willfulness and malice, and the "aggravated nature of the other crimes specified in section 2962, subdivision (e)(2)" (*People v. Anzalone, supra,* 19 Cal.4th at p. 1081), we conclude the Legislature did not intend to include *recklessly* causing a fire among the offenses that qualify an offender for commitment as an MDO. We are compelled by settled principles of statutory construction to reach this result, although we do so reluctantly in this case.

Because we conclude the Legislature did not intend an MDO commitment to be based on a conviction under section 452, we do not consider whether force applied against a structure, rather than directly against a living victim,

would qualify as a crime "in which the prisoner used force or violence." (§ 2962, subd. (e)(2)(P).)

## III. DISPOSITION

The judgment of the trial court is reversed.

Kay, P. J., and Sepulveda, J., concurred.