Filed 2/3/15  P. v. Thomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059843 |
| v. | (Super.Ct.No. FELSS1301511) |
| TRINA THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Victor R. Stull, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Trina Thomas was declared a Mentally Disordered Offender (MDO) pursuant to Penal Code[1] section 2962 in November 2006. In addition, in 2010 defendant was deemed an MDO in connection with charges filed against her in 2009. On April 16, 2013, the People filed a petition to extend defendant's most recent commitment term, which was to expire on September 12, 2013. After a jury trial, defendant's commitment was extended for another year, or until September 12, 2014.

On appeal, defendant argues the People failed to present substantial evidence proving that she is currently dangerous to others. (§ 2972, subd. (c).) We disagree and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant's initial MDO commitment occurred after she served a prison sentence for attempted arson. The 2009 charges that led to defendant's second MDO commitment were for assault with a deadly weapon, not a firearm, and battery with serious bodily injury arising from an incident at Patton State Hospital (Patton), where she had been receiving treatment pursuant to the 2006 MDO commitment.

At trial, the jury heard testimony from Dr. Steven Galarza, a staff psychiatrist at Patton who had been treating defendant for over two years. He diagnosed defendant with schizophrenia, paranoid type, which has been marked by olfactory and auditory hallucinations and false but fixed beliefs that she or her family members were about to be

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

killed or seriously injured. Although medications had decreased defendant's symptoms to some degree, Dr. Galarza testified that, on a nearly daily basis, hospital staff members have observed defendant yelling obscenities and other unpleasant things at the walls or unseen objects. According to Dr. Galarza, other patients know to stay away from defendant at these times because "she will get irritated" if people try to talk to her.

Dr. Galarza also diagnosed defendant with cocaine dependence and antisocial personality disorder. Although neither condition is a qualifying disorder for purposes of MDO commitments, Dr. Galarza explained that each has a "synergistic" relationship with defendant's schizophrenia. This means that using cocaine again could aggravate or cause psychotic symptoms, as well as that defendant would be more likely to break rules if she became symptomatic.

Dr. Galarza commented that he had seen "significant improvement" in defendant in the eight months before trial. However, he nonetheless opined that she was not in remission at the time of trial because her almost daily outbursts still caused disturbances in her ability to function.

In addition, Dr. Galarza testified that, for two main reasons, defendant posed a risk of physical harm to others, even though her last act of documented physical violence toward another was in 2010. First, she was still actively psychotic, and defendant's history showed that she "tends to have a greater propensity to be violent" when this condition is met. Because patients and staff at the hospital knew to leave defendant alone during her hallucinations but people outside the hospital would not have the same

3

knowledge about defendant's tendencies, Dr. Galarza expressed concern that defendant would become violent toward a stranger who approached her during an episode.

Second, Dr. Galarza opined that defendant has limited insight into her mental illness, which means she does not always recognize when her symptoms are recurring so that she can ask for help and address the situation in a "rational manner." Although she started attending treatment groups at Patton shortly before trial, defendant's attendance had previously been at only 30 percent. Defendant had also been suspended from two drug abuse education programs, once due to bad attendance and once because she had been caught in possession of batteries, which are contraband at the hospital. Although defendant had recently stated to Dr. Galarza that she would not do any drugs if released, she had previously indicated that smoking marijuana would be permissible, and she had failed drug tests twice at Patton. In addition, although defendant had complied with medication orders while at Patton, Dr. Galarza expressed concern that, given her lack of education about her condition, she would have more difficulty regularly taking medications once she became responsible for acquiring prescriptions, having them filled, and consuming them without monitoring.

In Dr. Galarza's opinion, defendant met all three criteria for recommitment as an MDO: she had a severe mental disorder, the disorder was not in remission, and defendant represented a risk of physical harm to others. (§ 2972, subd. (c).) The jury apparently agreed, as it also found that defendant met all applicable recommitment criteria.

4

ANALYSIS

Defendant's sole argument on appeal is that the evidence we have summarized is insufficient to support the jury's finding that she was dangerous to others at the time of trial. After rejecting the Peoples' contention that this appeal is moot because the commitment period defendant challenges has expired, we explain why defendant's lone contention fails.

1. *This appeal is not moot*

" '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citation.]' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 (*Rish*).) Generally, an appeal from a commitment order becomes moot if the commitment period expires. (*People v. Merfield* (2007) 147 Cal.App.4th 1071, 1074 (*Merfield*); see also *People v. Jenkins* (1995) 35 Cal.App.4th 669, 672, fn. 2 (*Jenkins*), abrogated on other grounds by *People v. Robinson* (1998) 63 Cal.App.4th 348, 352, fn. 2.)

However, an appeal from a MDO recommitment has a practical effect and is not moot if its decision would affect the trial court's jurisdiction over subsequent recommitment proceedings. (*People v. J.S.* (2014) 229 Cal.App.4th 163, 170 [Fourth Dist., Div. Two] (*J.S.*).) For example, in *J.S.*, we concluded that an appeal from an order dismissing a petition to challenge an initial commitment (§ 2966) was not moot because, "if an offender's initial commitment is improper, any extended commitment would also be improper." (*J.S.*, at p. 171.) Similarly, in *People v. Fernandez* (1999) 70 Cal.App.4th

5

117, 134-135 (*Fernandez*)), even though the appellant's commitment term had expired, the reviewing court "conclude[d] that the appeal is not moot because [its] decision may still affect the lower court's right to continue jurisdiction under the original commitment as well as the recommitment." The issue on which the court provided guidance was whether a trial court lost jurisdiction over a petition to extend an MDO commitment when certain procedural deadlines were not met. (*Id.* at pp. 126-127; see also *People v. Mord* (1988) 197 Cal.App.3d 1090, 1114-1115 (*Mord*) [appeal not moot because resolution of allegations that procedural errors had occurred in the process for recommitting defendants found not guilty by reason of insanity (§ 1026.5) could affect the lower court's jurisdiction to keep the appellant confined].) In both *Fernandez* and *Mord*, the court issued a full opinion on the merits even though it rejected contentions that procedural irregularities deprived the trial court of jurisdiction to keep the defendant confined on the instant or on subsequent recommitment petitions. (*Mord*, at p. 1115 ["Our conclusion reached herein does continue the court's jurisdiction pursuant to its recommitment order made in 1985"]; *Fernandez*, at pp. 134-135 [citing *Mord* for the proposition quoted above].)

In sum, then, an appeal from a commitment order becomes moot if the commitment period expires and no question is raised that could alter the superior court's jurisdiction over the defendant's confinement. In this case, defendant asserts that the presence of a single recommitment order that was not supported by substantial evidence of an MDO's dangerousness "puts a hole in the entire fabric" of ongoing commitments

6

"like a dropped stitch," such that a holding from us that defendant's 2013 extension was not supported by substantial evidence would influence the outcome of later commitment proceedings. We need not decide whether this position is correct, since we find that the jury verdict here was supported by substantial evidence. Still, under *Fernandez* and *Mord*, the fact that defendant makes contentions that could, if successful, affect later recommitment proceedings means that the appeal is not moot. We therefore proceed to the merits of defendant's contentions.

2. *Substantial evidence supports the finding that defendant was dangerous*

Once a prisoner has been committed as an MDO (§ 2962), she may be recommitted annually on petition by the People (§ 2970, subd. (b)). At the recommitment stage, the People need prove that, at the time of trial, "the patient has a severe mental disorder, that the patient's severe mental disorder is not in remission or cannot be kept in remission without treatment, and that by reason of his or her severe mental disorder, the patient represents a substantial danger of physical harm to others." (§ 2972, subd. (c).) We review trial court determinations regarding MDO criteria "for substantial evidence, drawing all reasonable inferences, and resolving all conflicts, in favor of the judgment." (*People v. Martin* (2005) 127 Cal.App.4th 970, 975, disapproved on other grounds by *People v. Achrem* (2013) 213 Cal.App.4th 153, 157.)

In essence, defendant's attack on the judgment boils down to a complaint that the jury cannot have found her to be dangerous because she has complied with medication orders, and because her only acting out since her last act of violence in 2010 has taken the

7

form of verbal, but not overtly physical, outbursts. Even though the record supports the assumptions that defendant is medication compliant and has not been physically violent in several years, the conclusion defendant draws about her dangerousness does not automatically follow.

First, the decrease in violent behavior may stem not from an increase in self-control on defendant's part, but from the fact that, as Dr. Galarza noted, staff and other patients at Patton now know not to disturb defendant when she is actively hallucinating. Second, defendant makes no attempt to undermine Dr. Galarza's opinion that, even if she has not been violent in the very recent past, she would likely become so now or in the future if an unknown member of the public approached her during a hallucinatory episode. Finally, defendant fails to account for Dr. Galarza's opinion that she has only limited insight into her schizophrenia, which means she is simultaneously more likely to return to using illegal drugs that exacerbate her symptoms and less likely to take medication or use psychosocial support options, as well as that she will not know, once released into the community, how to prevent her symptoms from interfering with her life or the lives of others or how to address problematic behavior should it occur.

For these reasons, substantial evidence supports Dr. Galarza's conclusion that defendant's schizophrenia, which is not in remission, renders defendant dangerous to others outside the controlled environment of the hospital because she has limited insight into her diagnosis and tends to respond violently when people interrupt her during a hallucinatory episode. We therefore affirm the judgment.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                P. J.

We concur:

McKINSTER
                     J.

MILLER
                     J.