Filed 3/3/16  P. v. Alexander CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE ALEXANDER,<br><br>    Defendant and Appellant. | 2d Crim. No. B265539<br>(Super. Ct. No. 15PT-00270)<br>(San Luis Obispo County) |

Joe Alexander appeals an order determining him to be a mentally disordered offender ("MDO") and committing him to the Department of Mental Health for involuntary treatment.  (Pen. Code, § 2962, et seq.)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On May 4, 2014, Alexander shattered two windows in his sister's automobile and set the vehicle on fire.  The automobile was parked near the apartment building where his sister resided; a bystander stood nearby and briefly spoke with Alexander.  Alexander was later convicted of arson pursuant to section 451, subdivision (d), following his guilty plea.  On July 11, 2014, the San Bernardino County court sentenced him to one year four months imprisonment.

---

[1] All further statutory references are to the Penal Code.

On April 30, 2015, the Board of Parole Hearings determined that Alexander was an MDO pursuant to the criteria of section 2962. As a condition of parole, the Board required him to accept treatment from the Department of Mental Health. On May 8, 2015, Alexander filed a petition pursuant to section 2966, subdivision (b) to contest this decision. Alexander waived a jury trial.

Doctor Joe Debruin, a forensic psychologist employed by Atascadero State Hospital, reviewed Alexander's treatment records, the written evaluations regarding Alexander prepared by other mental health experts, and the probation report submitted in the underlying sentencing proceedings. Debruin also interviewed Alexander.

Debruin opined that Alexander suffers from schizoaffective disorder, bipolar type, characterized by his disorganized and delusional thinking, auditory and visual hallucinations, agitation, and paranoia, among other symptoms. Debruin concluded that Alexander had received the requisite 90 days of treatment for his severe mental disorder during the year prior to his release date; that he was not in remission at the time of his Board of Parole Hearings hearing; and that he could not be kept in remission without treatment. Alexander had displayed overt symptoms of his mental disorder and had assaulted a county jail employee on June 22, 2014. Debruin also opined that Alexander represented a substantial danger of physical harm to others by reason of his mental disorder based upon his "robust criminal history," failures on supervised release, parole violations, and substance abuse history.

Without objection, Debruin testified that Alexander was convicted of a requisite qualifying criminal offense -- arson posing a substantial danger of physical harm to others. (§ 451, subd. (d).) During Alexander's interview, he informed Debruin that he suffered auditory hallucinations that commanded him to set his sister's automobile on fire. Alexander stated that he had not been taking his psychotropic medication at the time of the arson. Debruin also testified that the probation report discloses that a bystander saw Alexander break the windows, start the fire, and then flee on his bicycle. When police officers arrived, the vehicle was "fully engulfed" in flames. Based upon this

2

evidence, Debruin concluded that Alexander's mental disorder was an aggravating factor in his commission of the arson.

The trial court determined that Alexander met the requirements of section 2962, subdivisions (d) and (e), beyond a reasonable doubt. In ruling, the trial judge stated that "the arson of the vehicle did present a substantial danger of physical harm to others based on the totality of the circumstances."

Alexander appeals and contends that insufficient evidence supports the trial court's finding that he committed a qualifying offense pursuant to the MDO law. (§ 2962, subd. (e)(2)(L).)

*DISCUSSION*

Alexander argues that the evidence is insufficient to establish the statutory requirement that his underlying crime, arson of property, "posed a substantial danger of physical harm to others." (§ 2962, subd. (e)(2)(L).) He points to the lack of evidence concerning the proximity of the vehicle to an inhabited structure or to the use of an accelerant or flammable liquid.

In reviewing the sufficiency of evidence to support an order made in MDO proceedings, we review the entire record to determine if reasonable and credible evidence supports the decision of the trier of fact. (*People v. Hannibal* (2006) 143 Cal.App.4th 1087, 1096; *People v. Clark* (2000) 82 Cal.App.4th 1072, 1082-1083.) We view the evidence and draw all reasonable inferences therefrom in favor of the order. (*Ibid.*) We do not reweigh the evidence nor do we substitute our decision for that of the trier of fact. (*Clark*, at p. 1083.)

Arson is an inherently dangerous felony posing a substantial risk of injury or death as a matter of law. (*People v. Baker* (2012) 204 Cal.App.4th 1234, 1247.) "Consequently, only slight evidence is necessary to establish that a specific act of arson posed a substantial risk of physical injury to another person for purposes of section 2962, subdivision (e)(2)(L)." (*Ibid.*; see also *People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 928; *People v. Macauley* (1999) 73 Cal.App.4th 704, 709.)

3

Sufficient evidence supports the finding that Alexander committed arson of property presenting a substantial danger of physical harm to others.[2]  According to the probation report, Alexander set the fire sufficiently close to a female bystander to allow her to identify him and engage in conversation.  Alexander stated that he set the fire because he had argued with his sister.  It is a reasonable inference that his sister lived in proximity to her parked vehicle.  The probation report indicates that the vehicle was "outside of an apartment building."  Alexander expressed self-concern to the probation officer that "he could have been killed."  This evidence and all reasonable inferences therefrom support the court's finding beyond a reasonable doubt.  (*People v. Baker, supra,* 204 Cal.App.4th 1234, 1247.)

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

---

[2] In *People v. Stevens* (2015) 62 Cal. 4th 325, 333-335, our Supreme Court held that failure to challenge a mental health expert's testimony that a defendant's underlying criminal offense qualifies pursuant to the MDO law forfeits the argument that the testimony is inadmissible.  Here Alexander did not object to Debruin's testimony concerning the nature of the underlying offense.

4

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.