Filed 5/19/21  P. v. Linares CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS LINARES,<br><br>    Defendant and Appellant. | 2d Crim. No. B308573<br>(Super. Ct. No. 20PT-00631)<br>(San Luis Obispo County) |

Carlos Linares (appellant) appeals an order committing him to the Department of State Hospitals as a mentally disordered offender (MDO).  (Pen. Code, § 2962 et seq.)[1]  He contends the evidence was insufficient to establish that his severe mental disorder was a cause or aggravating factor in the commission of the underlying crime of making a criminal threat (§ 422).  (§ 2962, subd. (b).)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2016, Tamara Muro, an employee of the Riverside County Sheriff's Department, was working at the Larry

---

[1] All statutory references are to the Penal Code.

D. Smith Correctional Facility. Muro received a phone call from appellant in the facility's business office. Appellant told her "he was from the Mexican Mafia and that he was going to come to the jail facility and kill everyone." He said "he had placed a green light on all of jail staff," and then rambled on about "how he was going to kill everyone at the facility." Muro eventually hung up.

Muro feared for her safety "based on the recent attacks on law enforcement." Sheriff's Correction Assistant Jacquelyn Loggins, who overheard the call, also feared for her safety.

Appellant has prior arrests for lewd/lascivious conduct, failing to register as a sex offender, driving under the influence, battery on a spouse, vandalism, assault with a deadly weapon, disobeying a court order, parole violations, and obstructing and delaying a peace officer. He was booked into the Riverside County Jail facilities six different times between March 2015 and October 2016. The latter arrest was "for making bomb threats at the Bank of America."

Appellant admitted he made the criminal threat to the jail staff "because he believed 'Banning or Law and Order' is 'fucking' with his family and 'trapping his mother.'" He also said "he was a CIA agent, . . . part of the Mexican Mafia and Italian Mafia, and [that] his cell phone was a NASA phone." Appellant denied having any "mental health problems," but when questioned about the crime, he exhibited a lack of "a sense of reality."

During an interview, appellant's mother said appellant "is 'crazy' and suffers from mental health problems and has schizophrenia. [She] said in the past [he] has told her he wanted to kill her because he claimed she was not his mother." Appellant's brother corroborated appellant's prior schizophrenia diagnosis.

Kevin Perry, Ph.D., a clinical psychologist at Atascadero State Hospital, interviewed appellant. He also reviewed two

2

evaluations of appellant by fellow mental health physicians, appellant's hospital treatment records and the criminal threats incident report.

Dr. Perry diagnosed appellant with schizophrenia -- a severe mental disorder causing delusional beliefs, hallucinations, "thought disorganization characterized by speech that is disjointed and illogical, difficult for other people to understand." Among appellant's delusions is his belief that he is "a CIA agent or a soldier for the FBI" and "that others are spying on him or harassing his family."

Dr. Perry testified that, in his opinion, appellant's schizophrenia "was at least an aggravating factor" in the commission of the criminal threat. Dr. Perry explained that appellant "had a pre-existing psychiatric condition . . . ," for which "he was first in psychiatric treatment . . . about four years before the crime took place." Appellant made statements evidencing his delusional thinking, such as claiming to be a CIA agent and believing that Law and Order was harassing and trapping his mother. In addition, appellant admitted to Dr. Perry "that he was not taking any psychiatric medicine around th[e] time [of the crime], which could account for his symptoms being active and impairing at the time."

Dr. Perry also concluded that appellant's severe mental disorder was not in remission and could not be kept in remission without treatment. He opined, based on appellant's threatening behavior toward others, his threats to kill others and his prior arrests for violent behaviors, that appellant represented a substantial danger of physical harm to others by reason of his schizophrenia. Dr. Perry explained that appellant "does not have good insight into his disorder or his need for treatment," which "increases the risk that [appellant] would discontinue treatment in a less structured setting. Under those circumstances, his

3

symptoms would get worse."  Appellant's history of substance abuse and his poor discharge plan further compound this risk.

Appellant acknowledged in his testimony that he suffers from schizophrenia, which began when he started using drugs. The disorder causes him to be anxious, to hear voices and to struggle to speak thoughtfully.

Appellant admitted making the criminal threat to Muro but said he did not intend to kill anyone.  He made the threat because of the voices he was hearing and the problems he was having with his thoughts.

## DISCUSSION

An MDO commitment requires a finding that the defendant suffers from a severe mental disorder that "was one of the causes of, or was an aggravating factor in, the commission of a crime for which the prisoner was sentenced to prison."  (§ 2962, subd. (b); see also subds. (a)-(d) [setting forth all MDO criteria].)  Appellant contends there was insufficient evidence to establish that his severe mental disorder caused or was an aggravating factor in the commission of the commitment offense.  We disagree.

We review MDO commitment findings under the substantial evidence standard.  (*People v. Labelle* (2010) 190 Cal.App.4th 149, 151.)  We view the evidence in the light most favorable to the order, and will affirm whenever the record shows reasonable and credible evidence supporting the trier of fact's decision.  (*People v. Miller* (1994) 25 Cal.App.4th 913, 919-920, disapproved on other grounds in *People v. Stevens* (2015) 62 Cal.4th 325, 336.)  We do not consider the credibility of witnesses or reweigh the evidence, and we draw all reasonable inferences, and resolve all conflicts, in favor of the order.  (*Miller*, at pp. 919-920; *People v. Martin* (2005) 127 Cal.App.4th 970, 975, disapproved on other grounds in *People v. Achrem* (2013) 213 Cal.App.4th 153, 157.)

4

Here, the evidence amply supports the trial court's finding that appellant's severe mental disorder was a cause or an aggravating favor in the commission of the MDO offense. (See *People v. Valdez* (2001) 89 Cal.App.4th 1013, 1018.) Dr. Perry testified that appellant's severe mental disorder "was at least an aggravating factor" in the commission of the criminal threat. He explained that the disorder predates the criminal threat, that appellant was not taking medication for the disorder at the time of the offense and that he exhibited symptoms during his arrest. (See *People v. Bowers* (2006) 145 Cal.App.4th 870, 879 [single psychiatric opinion constitutes substantial evidence].)

The incident report (Exhibit B) confirmed appellant was rambling and delusional during his call with Muro. More importantly, when asked at trial if he made the criminal threat "because of the voices and you were having some problems with your thoughts," appellant replied, "Yeah."

DISPOSITION

The judgment (order of commitment) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P.J.          TANGEMAN, J.

5

Craig B. Van Rooyen, Judge
Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul R. Roadarmel, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.