[No. B196842. Second Dist., Div. Six. Nov. 6, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY KORTESMAKI, Defendant and Appellant.

COUNSEL

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Lawrence M. Daniels, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PERREN, J.—Danny Kortesmaki appeals the judgment (order of commitment) declaring him a mentally disordered offender (MDO) and committing him for treatment to the California Department of Mental Health as a condition of his probation. He contends his conviction for possessing flammable or combustible materials with intent to set fire to property (Pen. Code,[1] § 453, subd. (a)) did not involve force or violence or an express or implied threat thereof, as contemplated by section 2962, subdivision (e)(2)(P) and (Q). We agree that the crime did not involve the actual use of force or violence. We conclude, however, that it involved an implied threat to use force or violence against another person, and therefore constitutes a qualifying offense under subdivision (e)(2)(Q) of section 2962. Accordingly, we affirm.

### FACTS AND PROCEDURAL HISTORY

For approximately 20 years, appellant has suffered from a severe psychotic disorder. He has been hospitalized numerous times as a result of that disorder, and has been arrested over 100 times. On June 1, 2004, appellant was convicted by plea of possessing flammable or combustible material or substance with intent to set fire to property, in violation of section 453, subdivision (a). Imposition of sentence was suspended, and appellant was placed on probation. On January 19, 2005, appellant's probation was revoked and he was sentenced to two years in state prison.

On August 16, 2006, a chief psychiatrist from the Department of Corrections and Rehabilitation certified to the Board of Parole Hearings (BPH) that appellant met the criteria for MDO treatment. Psychologist Robert E. Record evaluated appellant on September 5, 2006, and subsequently issued a report concluding that he qualified as an MDO. In addressing the criteria whether

---

[1] Further statutory references are to the Penal Code, unless otherwise noted.

appellant's section 453 offense qualified as a crime of force or violence, the doctor recounted the following from the probation officer's report: "On March 19, 2004, two men were walking up to Cee Vee's Liquor and Deli on Palm Avenue in Highland when they were approached by the defendant who asked if they would mind if he started a fire 'back there' pointing towards the dumpster area. The defendant said something about having been a firefighter. He walked to the dumpster area carrying what appeared to be a small whiskey bottle with liquid in the bottle. The customers went inside the store and notified the clerk, Jeffrey Labrie, who went outside, found the defendant sitting on the ground next to the dumpster which was on fire. The defendant began talking about Waco, Texas and then talking about babies saying the fire did not come out of him. The defendant asked Mr. Labrie if he wanted the defendant to put out the fire; Mr. Labrie responded that he did but the defendant got up and began walking through the parking lot bothering customers. Mr. Labrie approached the defendant again, at which time the defendant said he was a Hell's Angel and asked Labrie if he wanted him to prove it. The defendant then walked into the adjacent field."

On September 26, 2006, the BPH certified appellant as an MDO. Appellant petitioned for a court hearing on October 10, 2006.

Dr. Stacy Thacker, a staff psychologist at Atascadero State Hospital, testified at the hearing that appellant met all of the criteria for an MDO commitment. She testified that the probation report prepared in conjunction with the commitment offense indicated that appellant had approached some customers as they were about to enter a liquor store and asked "if they would mind if he set a fire back there, meaning behind the store." One of the customers entered the store and told the clerk what appellant had said. When the clerk went to investigate, he discovered appellant standing next to the dumpster, which was on fire. The police subsequently discovered appellant lying in an adjacent field with burn or singe marks on his body. The probation report also stated that "[t]he deputy went to the area in which the fire had been set and observed smoldering debris, fresh burn marks went three to four feet up the side of the wall."

In his defense, appellant submitted a report prepared by Dr. P. Leifer, a psychologist from the California Department of Mental Health who evaluated appellant on August 14, 2006. Dr. Leifer concluded that appellant's commitment offense did not involve force or violence or any implied threat thereof. The doctor also opined that this conclusion necessarily compelled a finding that appellant did not represent a substantial danger of physical harm to others by reason of his severe mental disorder, as contemplated by section 2962, subdivision (d)(1).

At the conclusion of the hearing, the court ordered appellant committed for treatment as an MDO. In concluding that appellant's commitment offense qualified him for treatment, the court reasoned that "[appellant's] crime created a situation which endangered many people. Embers could have set other structures on fire; people could have been injured in that manner. Fortunately the clerk of the store was not injured when he put out the fire, but responding firefighters could have been injured, they could have hit pedestrians or vehicles that had the misfortune of getting in their way as there was a code three response. So setting a fire, I believe, does fall within the criteria and many people were endangered by the offense."

## DISCUSSION

■ The MDO law applies to prisoners serving sentences for the crimes enumerated in section 2962, subdivision (e)(2)(A)–(O). The law also applies to prisoners serving sentences for unenumerated crimes "in which the prisoner used force or violence, or caused serious bodily injury" (§ 2962, subd. (e)(2)(P)), as well as those crimes "in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in such a manner that a reasonable person would believe and expect that the force or violence would be used. For purposes of this subparagraph, substantial physical harm shall not require proof that the threatened act was likely to cause great or serious bodily injury." (§ 2962, subd. (e)(2)(Q).)

Appellant contends he is not subject to treatment as an MDO because the crime for which he was sentenced to prison—possession of flammable or combustible materials—is not a qualifying crime of force or violence under either subdivision (e)(2)(P) or (e)(2)(Q) of section 2962. We review the trial court's contrary finding under the substantial evidence standard of review, which requires us to affirm if the evidence, viewed in the light most favorable to the judgment, could have led any rational trier of fact to make such a finding. (*People v. Martin* (2005) 127 Cal.App.4th 970, 975 [26 Cal.Rptr.3d 174].)

■ While we disagree with the trial court's rationale in finding that appellant's commitment offense qualifies him for MDO treatment, we nevertheless conclude that substantial evidence supports such a finding. Appellant was convicted of violating section 453, subdivision (a), which proscribes possession of flammable or combustible materials with the intent to set fire to property. Although there is evidence indicating that appellant actually carried out his intent in this regard and thereby committed the crime of arson, he was not convicted of that crime.    (3)   As we recognized in *People v. Green* (2006) 142 Cal.App.4th 907, 913 [48 Cal.Rptr.3d 464] (*Green*), other crimes

the prisoner may have committed in perpetrating the commitment offense are irrelevant to the determination whether that offense meets the criteria for MDO treatment.

It is clear from the record, however, that the trial court based its decision in this regard upon findings (1) that appellant actually committed the crime of arson of property, in violation of section 451, subdivision (d); and (2) that the crime posed a substantial danger of physical harm to others, as contemplated by subdivision (e)(2)(L) of section 2962.[2] This approach is unsound. Although appellant was charged with violating section 451, subdivision (d), that charge was dismissed in exchange for his plea to a violation of section 453, subdivision (a). Because he was not serving his prison sentence for committing arson, his MDO commitment cannot be sustained on the basis of that crime.

*Green, supra*, 142 Cal.App.4th 907, is instructive. In *Green*, the defendant was charged with making criminal threats (§ 422), felony vandalism (§ 594, subd. (a)), intentional interference with business (§ 602.1, subd. (a)) and unlawful obstruction of a peace officer (§ 148, subd. (a)(1)). Pursuant to a plea agreement, he was convicted on the vandalism charge and the remaining counts were dismissed. (*Green, supra*, at p. 909.) While he was serving his prison sentence, the BPH certified him as an MDO. At trial, the commitment offense was characterized as follows: The appellant was apprehended for suspected shoplifting and resisted arrest. After he was placed in the back of the police car, he kicked out the window. In the course of the incident, he threatened the life of the store owner who had accused him of stealing. (*Id.*, at p. 910.) We concluded that the appellant's crime of vandalism was not a qualifying offense under section 2962, subdivision (e)(2)(P), because it involved the use of force against an inanimate object. (*Green, supra*, at pp. 912–913.) In reaching that conclusion, we expressly declined to consider the threats the defendant allegedly made in the course of the vandalism because the charges relating to that conduct had been dismissed as part of his plea agreement. (*Id.*, at p. 913.)

The same rationale applies here. Appellant was sentenced to prison for possessing flammable or combustible materials, not arson. The trial court thus erred in relying on the conduct giving rise to the dismissed arson charge in finding that appellant's commitment offense qualified him for MDO treatment. For the same reason, there is no merit in the People's claim that it is proper to consider evidence purporting to demonstrate that appellant threatened the liquor store clerk after the fire he started had been extinguished.

---

[2] That subdivision provides in relevant part that the MDO law applies to prisoners serving sentences for committing "[a]rson in violation of subdivision (a) of Section 451, or arson in violation of any other provision of Section 451 . . . where the act posed a substantial danger of physical harm to others." (§ 2962, subd. (e)(2)(L).)

■   We also agree with appellant that his commitment offense does not qualify as a crime "in which the prisoner used force or violence, or caused serious bodily injury," as contemplated by section 2962, subdivision (e)(2)(P). Indeed, the record is devoid of any evidence indicating that appellant used force or violence against anyone in setting fire to the dumpster, much less that he did so in possessing the flammable substance he apparently used to start that fire. Section 2962, subdivision (e)(2)(P) does not apply to the use of force against property. (*Green, supra*, 142 Cal.App.4th at p. 912.)

■   There is sufficient evidence, however, to sustain a finding that appellant's commitment offense qualifies as a crime involving an implied threat to use force or violence likely to produce substantial physical harm, as contemplated by section 2962, subdivision (e)(2)(Q).[3] Appellant approached two men with a bottle of flammable liquid in his hand and told them he was going to set fire to a dumpster that was backed against the wall of the store they were about to enter. The men apparently took the threat seriously, as evidenced by the fact that they immediately conveyed it to the store clerk. Moreover, the fire appellant started was substantial enough to leave several large scorch marks on the side of the building. This evidence, viewed in the light most favorable to the judgment, is sufficient to support a finding that appellant impliedly threatened to use force or violence likely to produce substantial physical harm, and that he did so in a manner that a reasonable person would believe and expect that such force or violence would be used. (Cf. *People v. Macauley* (1999) 73 Cal.App.4th 704, 709 [86 Cal.Rptr.2d 675] [sufficient evidence supported finding that arson of property under § 451, subd. (d) " 'posed a substantial danger of physical harm to others' " as contemplated by § 2962, subd. (e)(2)(L), where husband set fire to his wife's car while it was parked in a residential neighborhood " 'very close' " to her boyfriend's house].)

*Green* is inapposite on this point. In determining that the defendant's vandalism conviction did not constitute a qualifying offense under the MDO law, we reiterated our prior holding "that the application of force against an inanimate object does not fall within section 2962, subdivision (e)(2)(P)." (*Green, supra*, 142 Cal.App.4th at p. 913, citing *People v. Collins* (1992) 10 Cal.App.4th 690 [12 Cal.Rptr.2d 768], and *People v. Dyer* (2002) 95 Cal.App.4th 448 [115 Cal.Rptr.2d 527].) Subdivision (e)(2)(Q) of section 2962 was not implicated in that case, apparently because there was no evidence the defendant "expressly or impliedly threatened another with the use of force or

---

[3] The record belies appellant's claim that the People have "conceded" that section 2962, subdivision (e)(2)(Q) does not apply in this case. At trial, the prosecutor merely argued that appellant's commitment offense qualified as a crime involving force or violence, as contemplated by section 2962, subdivision (e)(2)(P). Moreover, the People expressly assert in their brief that appellant's commitment offense qualifies as a crime involving an express or implied threat to use force or violence.

violence" in committing the vandalism. The result would have been different in that case if, for example, someone was standing near the window when the defendant kicked it out, or the defendant had kicked out a second story window above a busy sidewalk. By contrast, the record in this case supports the finding that appellant's commitment offense involved an implied threat to use force or violence against the two individuals to whom he conveyed his intent to start a fire with the flammable liquid he was convicted and sentenced to prison for possessing.

The judgment (order of commitment) is affirmed.

Yegan, Acting P. J., and Coffee, J., concurred.