[No. B223468. Second Dist., Div. Six. Nov. 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW LABELLE, Defendant and Appellant.

150

COUNSEL

Gerald L. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, P. J.**—Matthew Labelle appeals from the judgment after the trial court found that he was a mentally disordered offender (MDO). (Pen. Code, § 2960 et seq.)[1] The commitment offense was felony vandalism. (§ 594, subds. (a), (b)(1).) Appellant contends that the evidence is insufficient to support the trial court's finding that the commitment offense met the force or violence criterion of section 2962, subdivision (e)(2)(Q). The contention is without merit and we affirm the judgment.

### Commitment Offense

A hotel employee notified the police that appellant "was challenging people to fight and trying to get into other people[']s vehicles." Appellant attempted to flee when the police arrived. Officers chased him, ordered him to stop, and ultimately handcuffed him. He was placed in the backseat of a patrol car and began kicking a back door window. A police officer "grabbed hold of the door handle and advised [appellant] not to kick the window again." Appellant "kicked the window again causing the window to shatter and continued kicking the shattered window." The police officer "raised his arm to protect his eyes" from flying shards of glass. A small shard of glass punctured and became "stuck in" the officer's thumb. The officer "removed the shard of glass from his thumb at the scene and did not seek medical attention."

### Standard of Review

The substantial evidence rule applies to appellate review of the sufficiency of the evidence in MDO proceedings. (*People v. Miller* (1994) 25 Cal.App.4th 913, 919–920 [31 Cal.Rptr.2d 423].) We review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence—"evidence that is reasonable, credible, and of solid value"—such that a reasonable trier of fact could find beyond a reasonable doubt that the commitment offense was a qualifying offense under the MDO statute. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618].)

### Discussion

■ Appellant contends that reversal is required pursuant to our opinion in *People v. Green* (2006) 142 Cal.App.4th 907 [48 Cal.Rptr.3d 464]. There the commitment offense was also felony vandalism. After being placed in the backseat of a police car, the defendant became angry and "kicked out the

---

[1] All statutory references are to the Penal Code.

window of the police car, shattering it." (*Id.*, at p. 910.) We held that the commitment offense was not a qualifying offense under the MDO statute because "the application of force against an inanimate object does not fall within section 2962, subdivision (e)(2)(P)." (*Id.*, at p. 913.) Pursuant to section 2962, subdivision (e)(2)(P), a qualifying offense includes "[a] crime . . . in which the prisoner used force or violence, or caused serious bodily injury . . . ."

In *People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 928–929 [67 Cal.Rptr.3d 706], the alleged commitment offense was possession of flammable or combustible materials with the intent to set fire to property. (*Id.*, at p. 924.) In affirming Kortesmaki's commitment, we explained our holding in *Green*. We did not affirm the commitment in *Green* "because there ·was no evidence the defendant 'expressly or impliedly threatened another with the use of force or violence' in committing the vandalism. *The result would have been different in that case if, for example, someone was standing near the window when the defendant kicked it out . . . .*" (Italics added.)

The trial court correctly relied on this excerpt from *Kortesmaki*: "[It is] [a]lmost like [the *Kortesmaki* court] wrote that for this case . . . . The facts of the probation report indicate that [appellant] knew there was a police officer present and he kicked out the window . . . while the officer was present. And the officer was actually injured by the act of vandalism when the officer was struck by the broken glass. So relying on that last language in *Kortesmaki*, I'm going to find that the offense for which [appellant] was sent to prison, felony vandalism, is a crime as described by Penal Code section 2962([e])(2)(Q) . . . ."

In contrast to *Green*, here a police officer was standing next to the window when appellant shattered it with his kicks. Appellant was aware of the officer's presence. Before appellant shattered the window, the officer had "grabbed hold of the door handle" and had ordered appellant to stop kicking the window. When appellant continued kicking and shattered the window, the officer "raised his arm to protect his eyes" from shards of glass. A small shard of glass flew from the shattered window and punctured the officer's thumb. It is reasonable to infer that, had the officer not "raised his arm to protect his eyes," the shard of glass could have caused substantial harm to his eyes.

■ Viewing the evidence in the light most favorable to the judgment, we conclude that a reasonable trier of fact could find beyond a reasonable doubt that the commitment offense met the section 2962, subdivision (e)(2)(Q) criterion involving an express or implied threat of the use of force or violence. Moreover, since it is reasonable to infer that a shard of glass had flown from the shattered window toward the officer's eyes, a reasonable trier

of fact could find beyond a reasonable doubt that the commitment offense also met the subdivision (e)(2)(P) criterion involving the actual use of force or violence against a human being.

We reject appellant's contention that the People were required to prove that he had "intended to harm [the] officer . . . at the time he kicked out the police car window." The MDO statutory scheme does not require proof of such an intent. In any event, an intent to harm the officer can reasonably be inferred from appellant's conduct in view of his knowledge that the officer was standing next to the window.

### *Disposition*

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.