Filed 4/18/13  P. v. Delacruz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>FRANCES DELACRUZ,<br><br>　Defendant and Appellant. | 2d Crim. No. B244124<br>(Super. Ct. No. F475517)<br>(San Luis Obispo County) |

Frances Delacruz appeals from an order committing him to the California Department of State Hospitals (formerly Department of Mental Health) after the trial court determined that he was a mentally disordered offender (MDO).  (Pen. Code, § 2960 et seq.)[1]  Appellant contends that the evidence does not support the finding that his commitment offense was a crime of force or violence or that he received 90 days of treatment within a year prior to his parole or release date.  (§ 2962, subds. (c) & (e).)  We affirm.  (*People v. Stevens* (2013) 213 Cal.App.4th 1401.)

*Procedural History*

Appellant suffers from a severe mental disorder, severe bipolar disorder with psychotic features  manifested by psychosis, paranoia, auditory hallucinations to kill and rape people, and ideations that the television sends him special messages and hears his thoughts.  Doctor Phylissa Kwartner  testified that appellant met all the MDO criteria and that the 2010 commitment offense, possession of a firearm while under the influence

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

of methamphetamine, was a crime of force or violence. The probation report stated that appellant entered the victim's home with a loaded shotgun, screamed, and kneeled behind a couch in a low ready to fire position endangering the victim, her one-year old child, and the victim's stepfather.

Doctor Kwartner testified that the mental disorder caused appellant to behave in a threatening and violent manner and that appellant posed a substantial risk of harm to others. After appellant was sentenced to state prison, he assaulted an inmate based on the paranoid belief that the inmate was about to rape his son. Appellant was transferred to Atascadero State Hospital where he threatened peers and staff and claimed that he did not suffer from a mental disorder or need psychotropic medications. Doctor Kwartner opined that the mental disorder was not in remission and that appellant's use of drugs, especially methamphetamine, would make appellant more paranoid and violent.

*Crime of Force or Violence*

Appellant argues that felony possession of a firearm is not a crime of force or violence. To qualify as a commitment offense, the crime must be either listed in section 2962, subdivision (e)(2)A) through (O), or come within the catchall provisions of subdivision (e)(2)(P) or (e)(2)(Q); (*People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 926.) Section 2962, subdivision (Q) includes a "crime in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in such a manner that a reasonable person would believe and expect that the force or violence would be used. For purposes of this subparagraph, substantial physical harm shall not require proof that the threatened act was likely to cause great or serious bodily injury."

Appellant argues that he did not shoot anyone but the probation report states that an intentional or accidental discharge could have injured the victim. Appellant was delusional, perceived a threat, entered the victim's house with a loaded shotgun, assumed a ready to fire position, and refused to leave.

2

Appellant claims that he was merely trying to protect the victim. In *People v. Townsend* (2010) 182 Cal.App.4th 1151, defendant suffered paranoid delusions and armed himself with Molotov cocktail bombs to "protect" himself against "bad guys in the neighborhood ." (*Id*., at p. 1154.) We held that possession of an incendiary device, when viewed in context of defendant's paranoid beliefs and intention to use the device as a weapon, constituted an implied threat of force or violence. (Id., at pp. 1156-1157.)

The same principle applies here. Appellant suffered from paranoid delusions, entered the victim's house with a loaded shotgun, kneeled down behind a couch, and assumed a ready to fire position. The trial court reasonably concluded that appellant's paranoid beliefs, viewed in the context of his intention to use the shotgun, constituted an implied threat of force or violence within the meaning of the MDO Act.

Citing *People v. Baker* (2012) 204 Cal.App.4th 1234 (*Baker*), appellant argues that a mental health expert cannot opine on whether the commitment offense is a crime of force or violence. We disagreed with *Baker* in *People v. Stevens, supra,* 213 Cal.App.4th at p. 1408 because it is well settled that a mental health expert can rely on a probation report in rendering an MDO opinion. (See *People v. Dodd* (2005) 133 Cal.App.4th 1564, 1571; *People v. Valdez* (2001) 89 Cal.App.4th 1013, 1017.) Doctor Kwanter's reference to the probation report was not offered for the truth of the facts stated but as the basis for the doctor's expert opinion. (See *People v. Stevens, supra, __* Cal.App.4th at p. 1401.) "The hearsay relied upon by an expert in forming his or her opinion is "examined to assess the weight of the expert's opinion," not the validity of [its] contents. [Citation.]' [Citation.]" (*Ibid*.)

We reject the argument that the MDO commitment order is unsupported by the evidence or violates appellant's due process rights. (See *Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 573-574]; *People v. Otto* (2001) 26 Cal.4th 200, 210 [victim hearsay statements contain special due process indicia of reliability].) "The purpose underlying the MDO law is to protect the public by identifying those offenders who exhibit violence in their behavior and pose a danger to society. [Citation.]" (*People*

3

*v. Dyer* (2002) 95 Cal.App.4th 448, 455.) The evidence here shows that the commitment offense involved an implied threat to harm others with the shotgun and that appellant, by reason of his mental disorder, posed a substantial risk of harm to others. (See e.g, *People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 928 [threat to set fire to dumpster with bottle of flammable fluid a crime of force or violence].)

*90 Days of Treatment*

Appellant argues that a mental health professional cannot opine on whether a prisoner received 90 days of treatment for his or her mental disorder within the year prior to the prisoner's parole or release. (§ 2962, subd. (c).) We rejected a similar argument in *People v. Stevens, supra,* 213 Cal.App.4th at page 1407, on the ground that medical records are reliable and "a doctor's interpretation of these records will 'assist' the trier of fact in makings its determination. (Evid. Code, § 801, subd. (a).)" Doctor Kwartner reviewed appellant's medical and hospital records and testified, without objection, that appellant received the required 90 days of treatment. Appellant is precluded from arguing, for the first time on appeal, that there is no factual or legal basis for the expert testimony. (Evid. Code, §§ 353, 803; *People v. Miller* (1994) 25 Cal.App.4th 913, 917.)

The judgment (MDO commitment order) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.