Filed 4/29/13  P. v. Neiman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELVIN NEIMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B242387<br>(Super. Ct. No. F473481)<br>(San Luis Obispo County) |

Kelvin Neiman appeals from an order committing him to the Department of Mental Health (DMH) for treatment as a mentally disordered offender (MDO) after a court trial.  (Pen. Code, § 2960 et seq.)[1]  Appellant contends the evidence is insufficient to prove that his commitment offense of felony vandalism (§ 594) was a crime of force or violence, and that he received 90 days of treatment during the year preceding his parole release date.  We affirm.

FACTS AND PROCEDURAL HISTORY

In August 2009, appellant was convicted of felony vandalism and was sentenced to two years in state prison.  Prior to his release on parole, the Board of Parole

---

**1** All statutory references are to the Penal Code.

Hearings (BPH) certified appellant as an MDO for treatment at Atascadero State Hospital (ASH). Appellant petitioned for a hearing under section 2966 and waived jury trial.

Dr. Joe DeBruin, a forensic psychologist at ASH, opined that appellant met all the MDO criteria. Appellant has a 25-year history of mental illness, including a current diagnosis of schizophrenia. He suffers from auditory hallucinations, paranoia, and disorganized thinking. Based on his review of appellant's police report, treatment records, and prior MDO evaluations, Dr. DeBruin concluded that appellant's commitment offense was a crime of force or violence. The doctor summarized the underlying facts as follows: "Essentially [appellant] was living in a motor home next to his mother's residence and he attempted to enter her home. Apparently she had sort of a standing philosophy that when her grandchildren visited her, [appellant] was not allowed to enter her residence. [¶] Essentially what happened is he became angry and . . . grabbed a garden hose and started spraying a window. And then he eventually kicked the glass sliding door in the house. . . . [I]t shattered and then the glass apparently cut his mother on her hands and feet."

Dr. DeBruin opined that appellant's severe mental disorder was a cause or aggravating factor in his commission of the commitment offense, which the doctor characterized as "very bizarre" and "very over-reactive." Appellant's records demonstrated that he had received at least 90 days of treatment during the year prior to the BPH hearing. Dr. DeBruin further opined that appellant represented a substantial danger of physical harm to others by reason of his severe mental disorder. Appellant had been arrested more than 70 times and committed numerous acts of violence while in prison. He had also repeatedly violated probation and parole and failed to comply with his required psychiatric treatment.

At the conclusion of the hearing, the court denied appellant's petition and ordered him committed for MDO treatment as a condition of parole. This appeal followed.

DISCUSSION

Appellant contends the order committing him for MDO treatment must be reversed because no admissible evidence was offered to prove that his commitment offense qualified as a crime "in which the prisoner used force or violence, or caused serious bodily injury" (§ 2962, subd. (e)(2)(P)), and that he received 90 days of treatment during the year prior to his BPH hearing (*id.* at subd. (c)). He claims that Dr. DeBruin's testimony as to these criteria was inadmissible hearsay and was not "properly the subject of expert testimony." He further claims the evidence is in any event insufficient to support the finding that his commitment offense was a crime of force or violence, as contemplated under subdivision (e)(2)(P) of section 2962. We conclude that Dr. DeBruin's opinions were properly admitted and that the findings at issue are supported by sufficient evidence.

It is well settled that qualified mental health experts may render opinions whether a defendant qualifies as an MDO, and may base those opinions on inadmissible hearsay that is reliable and of the type reasonably relied upon by other experts. (*People v. Miller* (1994) 25 Cal.App.4th 913 (*Miller*); see also, e.g., *People v. Dodd* (2005) 133 Cal.App.4th 1564, 1569; *People v. Campos* (1995) 32 Cal.App.4th 304, 307-308.) After the briefs were filed, we reaffirmed these principles and made clear that each of the MDO criteria are the proper subject of expert opinion testimony. (*People v. Stevens* (2013) 213 Cal.App.4th 1401, 1403, 1407.) In doing so, we rejected contrary dicta recently expressed by our colleagues in *People v. Baker* (2012) 204 Cal.App.4th 1234, 1246. (*Stevens,* at pp. 1406-1407.) We concluded that "the MDO procedures that we adopted in *Miller* have served the prisoners and the People well for almost 20 years." (*Stevens,* at p. 1408.) None of appellant's arguments leads us to doubt this conclusion.

Appellant fares no better in asserting that the evidence is otherwise insufficient to support the finding that his commitment offense of felony vandalism involved the use of force or violence. "In considering the sufficiency of the evidence to support MDO findings, an appellate court must determine whether, on the whole record, a rational trier of fact could have found that defendant is an MDO beyond a reasonable

3

doubt, considering all the evidence in the light which is most favorable to the People, and drawing all inferences the trier could reasonably have made to support the finding. [Citation.] ""'Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. [Citation.] Thus, if the [finding] is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder . . . .' [Citation.]"' [Citations.]" (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1082-1083.)

Appellant was convicted of felony vandalism after he deliberately kicked in the sliding glass door to this mother's residence, cutting her hands and feet in the process. Given the circumstances in which the crime took place and the fact of the mother's injury, the trier of fact could reasonably infer that appellant was aware of his mother's presence when he kicked in the door. The trier of fact could thus find that the crime was one in which the prisoner used force or violence, as contemplated under subdivision (e)(2)(P) of section 2962. (See *People v. Labelle* (2010) 190 Cal.App.4th 149, 152-153 (*Labelle*) [evidence supported finding that felony vandalism was a crime involving force or violence where defendant kicked out a police car window while an officer was standing next to it, causing a shard of glass to puncture the officer's thumb].)

Appellant's citation to *People v. Green* (2006) 142 Cal.App.4th 907 (*Green*), is unavailing. The defendant in that case was convicted of felony vandalism after he kicked out the rear window of a police car. No actual injury to another person or a threat thereof was apparent from the facts. In reversing the MDO commitment order in that case, we reasoned that "the application of force against an inanimate object does not fall within section 2962, subdivision (e)(2)(P)." (*Id.* at p. 913.) We subsequently distinguished *Green* on its facts, stating that "[t]he result would have been different in that case if, for example, someone was standing near the window when the defendant kicked it out . . . ." (*People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 929.) Although appellant purports to dismiss this statement as mere dicta, we subsequently relied on the

4

very same distinguishing fact in upholding MDO treatment for another defendant convicted of felony vandalism. (*Labelle, supra*, 190 Cal.App.4th at p. 152.) Because the same distinguishing fact is present in this case, appellant's reliance on *Green* is misplaced and his claim of insufficient evidence fails.

The judgment (order of commitment) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


5

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Stacy S. Schwartz, Deputy Attorney General, for Respondent.