Filed 9/25/13  P. v. St. Juste CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B248047 |
| Plaintiff and Respondent, | (Super. Ct. No. F483134) (San Luis Obispo County) |
| v. | |
| MICHAEL ST. JUSTE, | |
| Defendant and Appellant. | |

        Michael St. Juste appeals an order determining him to be a mentally disordered offender (MDO) and committing him to the Department of Mental Health for treatment.  (Pen. Code, § 2962, et seq.)[1]  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

        On April 9, 2005, St. Juste repeatedly stabbed a female tenant in his residential hotel because he believed that she placed chewing gum in the lock of his door. He later informed police officers that he "just lost it."  St. Juste was convicted of attempted murder, and on November 18, 2005, the Los Angeles County superior court sentenced him to eight years in prison.

        On November 30, 2012, the Board of Parole Hearings determined that St. Juste was an MDO pursuant to the criteria of section 2962.  As a condition of parole, it required him to accept treatment from the Department of Mental Health.  On December

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

12, 2012, St. Juste filed a petition pursuant to section 2966, subdivision (b) to contest this decision. A court trial followed.

Doctor Phylissa Kwartner, a forensic psychologist at Atascadero State Hospital, interviewed St. Juste, consulted with his treating doctors, and reviewed his medical and prison records. She opined that he suffers from paranoid schizophrenia, characterized by auditory and visual hallucinations, persecutory delusions, and disorganized thought processes. Kwartner also opined that St. Juste met the criteria of section 2962, subdivision (d)(1).

In particular, Kwartner concluded that St. Juste's mental disorder was a cause of or an aggravating factor in the attempted murder of the hotel tenant. Kwartner referred to St. Juste's prison records indicating that he admitted suffering auditory hallucinations and depressed mood since 2004. St. Juste also overreacted to the victim's behavior "based on [her] smile" and "approached her as she was walking away from behind and stabbed her 14 times." St. Juste informed other MDO evaluators that "he was reliving an experience that happened to him as a child, where a neighbor assaulted his sister with a machete." Kwartner concluded that St. Juste's misperceptions of the victim's acts arose from his paranoid schizophrenia.

In her review of St. Juste's prison records, Kwartner found that he had received treatment in the prison Enhanced Outpatient Program (EOP) for 90 days or more prior to his October 3, 2012, parole release date. (§ 2981 [defendant's prison records admissible as evidence of 90 days or more of treatment within the year prior to his parole or release].) Kwartner also noted that St. Juste refused prescribed antipsychotic medication during his imprisonment and accepted only small, ineffective doses of medication during his confinement at Atascadero State Hospital.

Doctor Mamdeta Sahni, a psychologist and former employee at Atascadero State Hospital, evaluated St. Juste and opined that his mental disorder was not a cause of or aggravating factor in his underlying crime of attempted murder. Sahni reviewed St. Juste's medical and legal records and concluded there is no evidence that he experienced psychiatric symptoms at the time he committed the crime. She also opined

that the crime was "a thought-directed organized criminal act" and an example of antisocial behavior arising from St. Juste's frustration with a neighbor. Sahni concluded that St. Juste met the remaining criteria of section 2962.

The trial court determined that St. Juste met the requirements of section 2962, subdivision (d)(1) beyond a reasonable doubt. In ruling, the court relied upon Kwartner's testimony as well as St. Juste's statement that he had suffered hallucinations and depression since 2004. The court denied the petition and ordered St. Juste committed to the Department of Mental Health for treatment.

St. Juste appeals and contends that: 1) there is insufficient evidence that his severe mental disorder caused or was an aggravating factor in his commitment offense, and 2) evidence that he received 90 days of treatment within the year prior to his parole release date is inadmissible hearsay.

*DISCUSSION*

*I.*

St. Juste argues that Kwartner's testimony does not support the trial court's finding that his severe mental disorder caused or was an aggravating factor in the attempted murder of his neighbor. (§ 2962, subd. (b).) He relies upon the testimony of Doctor Sahni as well as the opinion of Doctor Peterson, the psychologist who opined that he was competent to stand trial in 2005.

The substantial evidence rule applies to appellate review of the evidence in MDO proceedings. (*People v. Labelle* (2010) 190 Cal.App.4th 149, 151.) In reviewing the sufficiency of evidence to support an order made in MDO proceedings, we review the entire record to determine if reasonable and credible evidence supports the decision of the trier of fact. (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1082.) We view the evidence and draw all reasonable inferences therefrom in favor of the order. (*Ibid.*) We do not reweigh the evidence or redetermine the credibility of witnesses, nor do we substitute our decision for that of the trier of fact. (*Id.* at pp. 1082-1083.)

Sufficient evidence supports the trial court's finding that St. Juste's severe mental disorder was the cause of or an aggravating factor in the attempted murder of his

3

neighbor.  Kwartner testified that St. Juste admitted that he suffered from auditory hallucinations and depression predating the commitment offense.  She opined that St. Juste's fear of his victim was the result of his paranoid schizophrenia because he misperceived his victim as a threat.  Moreover, St. Juste later admitted that the attempted murder was a "reliving" of a childhood experience where his sister was assaulted with a machete by a neighbor.  The trial court was free to weigh the competing opinions of Kwartner, Peterson, and Sahni, and determine that Kwartner's opinion was more credible.  We do not substitute our decision for that of the trial court.  (*People v. Clark*, *supra*, 82 Cal.App.4th 1072, 1082-1083.)

*II.*

St. Juste contends that Kwartner's testimony regarding the requisite 90 days of treatment pursuant to MDO law is inadmissible hearsay evidence.  (§ 2962, subd. (d)(1) [setting forth MDO criteria].)  He asserts that the amount of treatment he received prior to his scheduled parole date is a factual matter not properly the subject of expert witness opinion.  (Evid. Code, § 801, subd. (a) [dictum that expert witness may testify in matters "sufficiently beyond common experience"]; *People v. Baker* (2012) 204 Cal.App.4th 1234, 1245, fn. 9 [expert witness opinion not necessary and inadmissible regarding factual inquiry whether defendant received requisite 90 days of treatment].)  St. Juste argues that there is insufficient evidence to support the commitment order without Kwartner's testimony regarding this criterion.

Kwartner testified that St. Juste received treatment for his mental disorder for 90 days or more during the year before his scheduled parole or release date because as of June 15, 2012, he had been in the EOP program in prison for "much of that last year."  St. Juste unsuccessfully objected to Kwartner's testimony on grounds of relevance and hearsay.

Sufficient evidence establishes the requisite 90 days of treatment in the EOP program as set forth in Exhibit 1 at trial, admitted into evidence without objection.  The exhibit contains 192 pages of records from the Division of Correctional Health Care Services regarding St. Juste's prison confinement from November 7, 2011, through

4

October 1, 2012. A custodian of records for the Department of Corrections and Rehabilitation submitted the records in response to a court order. Section 2981 provides: "For the purpose of proving the fact that a prisoner has received 90 days or more of treatment within the year prior to the prisoner's parole or release, the records or copies of records of any state penitentiary . . . in which that person has been confined, when the records or copies thereof have been certified by the official custodian of those records, may be admitted as evidence." In ruling, the trial judge stated that she had reviewed Exhibit 1 ("an inch-worth of medical records").

Evidence of St. Juste's treatment in the prison EOP program aside, Kwartner testified that St. Juste refused anti-psychotic medications during his prison incarceration and agreed to consume "a very small dose" at the state hospital. An MDO may not defeat the 90 days of treatment requirement by refusing treatment while in prison. (*People v. Kirkland* (1994) 24 Cal.App.4th 891, 908.)

The order of commitment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.