Filed 3/24/14  P. v. Simon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN SIMON,<br><br>    Defendant and Appellant. | 2d Crim. No. B251027<br>(Super. Ct. No. F487968)<br>(San Luis Obispo County) |

John Simon appeals from an order denying his Penal Code section 2966, subdivision (b)[1] petition for review of the determination of the Board of Prison Terms (BPT) that appellant meets the criteria of a mentally disordered offender (MDO), and committing him to the Department of Mental Health for treatment for a period of one year.  (§ 2962, et seq.)  We appointed counsel to represent appellant in this appeal.  After his examination of the record, counsel filed an opening brief in which no issues were raised.  On December 10, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  (*People v. Taylor* (2008) 160 Cal.App.4th 304.)  On February 10, 2014 we received a supplemental brief and other supporting documents from appellant.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

1

Appellant's supplemental documents are lengthy, disorganized and unclear. We understand him to contend that he does not have a mental illness and that hospital staff reports concerning his behavior are the product of racism (appellant is African American) and personal animosity against him. We conclude the expert testimony of forensic psychologist Brandi Mathews constitutes substantial evidence supporting the trial court's findings that appellant meets the MDO criteria. (*People v. Labelle* (2010) 190 Cal.App.4th 149, 151.) As a consequence, we affirm.

Appellant's commitment offenses, both of which occurred while he was committed as a sexually violent predator to Atascadero State Hospital (ASH). (Welf. & Inst. Code, §§ 6600, et seq.) In the first offense he struck a staff member in the back of the head several times before other staff members placed him in restraints. (§ 245, subd. (a)(1).) In the second offense, appellant was convicted of making terrorist threats after he called a female staff member a "motherfucker" and told her that he was "going to break your neck." (§ 422.)

Mathews, a forensic psychologist, testified that appellant's severe mental disorder caused or aggravated each of these offenses. Appellant suffers from schizophrenia or schizoaffective disorder. This causes him to experience various psychotic symptoms including auditory hallucinations and paranoia. "He's very suspicious. He's guarded. He believes that people are out to get him. He believes that people are conspiring against him. He even believes that there have been devices implanted inside of him to mess with his thinking or to monitor his behavior and, also, he has a history of disordered thinking." Mathews opined that appellant's mental disorder is not in remission because he continues to be paranoid and to make violent threats toward ASH staff. For example, in February 2013, appellant complained that "staff was staring at him . . . . He stated specifically that they were burning a hole in his head." He also told staff, " 'I got a wicked punch[,]' " and then he told staff to just ask the victim of his first assault.

Mathews further testified that appellant has not been cooperative with his treatment plan and has refused to take medication for his condition. Based on his

2

multiple acts of violence, Mathew opined that appellant represents a substantial danger of physical harm to others by reason of his severe mental disorder.

This testimony constitutes substantial evidence that appellant meets the statutory criteria for commitment as an MDO. (§ 2962.)

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

3

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____


Gerald Miller, under appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Respondent.