Filed 9/19/16  P. v. Pitcock CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JERRY R. PITCOCK,<br><br>  Defendant and Appellant. | 2d Crim. No. B271079<br>(Super. Ct. No. 16PT-00083)<br>(San Luis Obispo County) |

Jerry R. Pitcock appeals from the judgment entered following a court trial at which he was determined to be a mentally disordered offender (MDO).  (Pen. Code, § 2960 et seq.)[1]  Appellant contends, and the Attorney General agrees, that expert testimony was improperly received to prove that the commitment offense (§ 69 - obstructing or resisting an executive officer) involved force or violence or the threat of force or violence likely to produce substantial harm.  (§ 2962, subds. (b) & (e)(2); *People v. Stevens* (2015) 62 Cal.4th 325, 336.)  We reverse and remand for new trial.

### *Facts and Procedural History*

In 2013, appellant pled no contest to obstructing or resisting an executive officer (§ 69) and was sentenced to two years eight months state prison.

---

[1]     All statutory references are to the Penal Code.

On December 30, 2015, the Board of Parole Hearings (BPH) determined that appellant met the MDO criteria and required treatment. Appellant filed a petition challenging the BPH determination and purportedly waived jury trial. (§§ 2966, subd. (b); 2972, subd. (a).)

Doctor Brandi Mathews, a forensic psychologist affiliated with Atascadero State Hospital, testified that appellant suffered from schizoaffective disorder and mood symptoms, a severe mental disorder manifested by auditory hallucinations, paranoia, ideas of reference, and mania. The doctor opined that appellant met all the MDO criteria, and over defense objection, opined that the commitment offense involved the use of force or violence.

*Discussion*

To commit a prisoner under the MDO law, the prosecution must prove, among other things, that the prisoner was convicted of a qualifying offense listed in section 2962, subdivision (e)(2)(A) through (O), or that the commitment offense comes within the catchall provisions of subdivision (e)(2)(P) or (e)(2)(Q). (*People v. Kortesmaki* (2007) 156 Cal.App.4th 922, 926.) Subdivision (e)(2)(P) includes any crime "not enumerated . . . in which the prisoner used force or violence, or caused serious injury . . . ." Subdivision (e)(2)(Q) includes any crime in which the "perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm . . . ."

The Attorney General concedes that a violation of section 69 is not an enumerated offense under section 2962, subdivision (e)(2)(D) and may or may not qualify as a commitment offense under the catchall provisions of subdivision (e)(2)(P) or (e)(2)(Q).[2] A section 69 violation can be committed by a threat, unaccompanied by

---

[2] In 2013, section 69 provided: "Every person who attempts, *by means of any threat or violence*, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision

2

physical violence, even though the threatened use of force or violence is not likely to produce substantial physical harm. (*In re Manuel G.* (1997) 16 Cal.4th 805, 814.)

Over defense objection, Dr. Mathews testified that appellant entered a library, took a camera off the wall, and when confronted, fled the scene. "A deputy chased after him, and at one point Mr. Pitcock began striking the officer." Dr. Mathews did not disclose the source of those facts. Although appellant's rap sheet and abstract of judgment were received into evidence, they do not reflect the underlying facts of the offense.

In *People v. Stevens*, *supra*, 62 Cal.4th 325, our Supreme Court held that the prosecution may not prove facts underlying the commitment offense through a mental health expert's opinion testimony. "[P]roof of a qualifying conviction under the MDO Act is based on facts rather than on defendant's psychological condition, and thus does not call for a mental health expert's opinion testimony." (*Id.*, at p. 336.) That is the case here. Dr. Mathews' testimony was the only evidence that appellant used force or violence or threats of force or violence likely to produce substantial physical harm when he violated section 69.

Because the MDO scheme is civil in nature, double jeopardy does not apply. (*People v. Francis* (2002) 98 Cal.App.4th 873, 877.) We accordingly reverse and remand for new trial. (See e g., *People v. Dodd* (2005) 133 Cal.App.4th 1564, 1571, fn. 3.)

### Jury Trial Waiver

Appellant argues that he was not advised of his right to jury trial and the trial court failed to obtain a personal waiver. (§ 2972, subd. (a); *People v. Blackburn* (2015) 61 Cal.4th 1113, 1130-1131 [decision to waive jury trial belongs to the defendant in the first instance; trial court must elicit waiver from the defendant on the record].) The superior court "CASE SUMMARY" index, a computer generated

---

(h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment." (Italics added.)

3

document, reflects that appellant waived jury trial at a February 17, 2016 trial setting conference but there is no reporter's transcript of the proceeding.[3]  Nor is there a minute order.  (See Gov. Code, § 69844 ["The clerk of the superior court shall keep the minutes and other records of the court"].)  It is unknown whether the jury waiver was made by counsel or appellant.  The absence of an express admonition and personal waiver requires reversal regardless of prejudice.  (*Id.*, at p. 1135.)

The judgment is reversed and the matter remanded for new trial at which time a jury waiver, if elected, can be taken.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

---

[3]  The superior court "CASE SUMMARY" indicates that appellant waived jury trial on February 10, 2016 but lists the wrong prosecuting attorney and panel attorney (Frederick Foss rather than Jennifer Fehlman).  The February 10, 2016 reporter's transcript contradicts the court "CASE SUMMARY" notes and reflects that trial counsel (Frederick Foss) was appointed in abstentia and no jury waiver was taken.

Donald G. Umhofer, Judge

Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.