Filed 10/3/23  P. v. Ginnett CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK GINNETT,<br><br>    Defendant and Appellant. | 2d Crim. No. B325631<br>(Super. Ct. No. 22PT-00670)<br>(San Luis Obispo County) |

The Board of Parole Hearings (Board) determined appellant Mark Ginnett qualified as an offender with a mental health disorder (OMHD; Pen. Code, §§ 2970, 2972).[1]  Appellant filed a petition contesting this determination.  He appeals the trial court's order denying his petition and committing him to treatment claiming there was insufficient evidence.  We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant injured a correctional officer during an altercation in jail.  He pleaded guilty to three felony counts arising from the incident and received a five year prison

_____

[1] Unlabeled statutory cites are to the Penal Code.

sentence. As his release date neared, the Board determined appellant qualified as an OMHD. Appellant contested the determination by filing a petition and order for appointment of counsel and hearing (petition). (§ 2966, subd. (b).) The trial court denied the petition and ordered appellant committed to the Department of State Hospitals for treatment under section 2962.

## DISCUSSION

Committing a prisoner to treatment as an OMHD requires proving, among other things, a "severe mental health disorder was one of the causes of, or was an aggravating factor in, the commission of a crime for which the prisoner was sentenced to prison." (§ 2962, subd. (b).) [2] The crime committed must meet two criteria: the defendant received a determinate sentence and that it was one of the specified crimes, which includes a crime in which the prisoner used force or violence, or caused serious bodily injury. (*Id*., subd. (e).) Appellant does not challenge that the crime for which he was allegedly convicted, battery on a peace officer with the infliction of great bodily injury (§§ 243, subd. (c)(2)(1) and 12022.7, subd. (a)(1)), would qualify him for commitment. He instead contends the People's evidence was not "legally sufficient to actually establish the conviction occurred and a sentence was imposed." He argues the People needed to produce an abstract of judgment or another "acceptable official

---

[2] A prisoner qualifies as an OMHD if: (1) the prisoner has a severe mental health disorder; (2) the disorder was one of the causes of, or was an aggravating factor in, the commission of a crime for which the prisoner was sentenced to prison; (3) the prisoner received treatment for the disorder for 90 days or more in the year prior to parole or release; (4) the prisoner represents a serious danger of physical harm to others by reason of the disorder; and (5) the underlying crime meets certain criteria. (§ 2962, subds. (a)-(e).)

2

document[]" from the Department of Corrections such as a RAP sheet or prior packet to make this showing.

We review OMHD commitment findings under the substantial evidence standard. (*People v. Labelle* (2010) 190 Cal.App.4th 149, 151.) We view the evidence in the light most favorable to the order and will affirm whenever the record shows reasonable and credible evidence supporting the trier of fact's decision. (*People v. Miller* (1994) 25 Cal.App.4th 913, 919-920, disapproved on other grounds in *People v. Stevens* (2015) 62 Cal.4th 325, 336.)

Section 2962, subdivision (f) authorizes the use of "documentary evidence" to show that the underlying crime involved the use of force or violence, or caused serious bodily injury. Documentary evidence includes but is not limited to "probation and sentencing reports, and evaluations by the State Department of State Hospitals." (§ 2962, subd. (f).) The statute does not suggest, or limit, how the People may establish that a conviction occurred or that a prison sentence was imposed. (Compare § 1170, subd. (b)(3) ["the court may consider the defendant's prior convictions in determining [which term to impose at] sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].)

The People offered two exhibits among others: (1) a Presentence Report prepared by the Sonoma County Probation Department; and (2) an Admission Psychiatric Evaluation from the Department of State Hospitals. Appellant did not object to their admission. The Presentence Report describes the terms of appellant's plea of guilty to battery on a police officer (§ 243, subd. (c)(2)) and indicated that in exchange for his plea the parties agreed to a "[s]tipulated custody term of five years." The Admission Psychiatric Evaluation identifies the same crime as his "Commitment/Controlling Offense" and stated that appellant

3

"was received in the California Department of Corrections and Rehabilitation (CDCR) on January 21, 2020."

These exhibits, together with the indisputable fact that appellant was a prisoner, adequately established that a "conviction occurred and a sentence was imposed" as required under section 2962.

DISPOSITION

The commitment order is affirmed.

NOT TO BE PUBLISHED.


CODY, J.

We concur:


GILBERT, P.J.


YEGAN, J.

4

Michael L. Duffy, Judge
Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.